IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GURAL FOSTER,                                                                                       PLAINTIFF

V.                                   No. 4:20-cv-00086-LPR-JJV

ANDREW SAUL, Commissioner,
Social Security Administration                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is the Commissioner's Motion to Dismiss. (Doc. No. 21). Plaintiff has not responded and the time for doing so has passed. For the following reasons, I recommend that the Motion be GRANTED.

**I.   FACTS**

Plaintiff initiated this lawsuit against the Commissioner of the Social Security Administration on January 24, 2020. (Doc. No. 2.) Plaintiff's Complaint lacks clarity as to relief he is seeking. Now the Commissioner has filed a Motion to Dismiss stating that Plaintiff lacks jurisdiction to proceed with this cause of action. (Doc. No. 21.)

The Commissioner states that Plaintiff was awarded benefits on May 28, 2010. (Doc. No. 22-1 at 17-22.) Although it was a favorable decision, Plaintiff was still afforded a right to appeal. (*Id.* at 14.) According to Lesha Cowell, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration, Plaintiff never

filed an appeal. (*Id.* at 3.)

## II. DISCUSSION

Although it is not clear why Mr. Foster has initiated this federal suit, sovereign immunity precludes Plaintiff from bringing any suit against the Commissioner of Social Security except pursuant to 42 U.S.C. § 405(g). Title 42 United States Code Section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); see also 20 C.F.R. 422.210(c) (requiring that a civil action must be instituted within sixty days after the Appeals Council's "notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause").

On May 28, 2010, Plaintiff was notified of his right to appeal the decision. (Doc. No. 22-1 at 14.) So, Mr. Foster's appeal from the Commissioner's decision is more than a decade late. And he offers no basis to show he is entitled equitable tolling. See *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir 1994) (equitable tolling permissible in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.").

Because Mr. Foster failed to exercise due diligence in preserving his legal rights, I recommend the Commissioner's Motion to Dismiss be GRANTED.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendant's Motion to Dismiss (Doc. No. 21) be GRANTED and this matter be DISMISSED without prejudice.

DATED this 20th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE